USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2269 UNITED STATES, Appellee, v. GEORGE MORAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ George Moran on brief pro se. ____________ Donald K. Stern, United States Attorney, and Dina Michael _________________ ______________ Chaitowitz, Assistant United States Attorney, on Motion for Summary __________ Disposition, for appellee. ____________________ February 5, 1997 ____________________ Per Curiam. We have carefully reviewed the record on __________ appeal and the briefs of the parties. Assuming, in appellant George Moran's favor, that he has filed a timely appeal, we, nonetheless, conclude that the appeal has no merit. The district court neither erred nor abused its discretion in construing Moran's self-styled "motion to amend an amended judgment in a criminal case" as a motion, filed pursuant to 28 U.S.C. 2255, to vacate, set aside or correct his sentence. Neither did the district court err or abuse its discretion in denying Moran's motion for default. Moran's contention that the government's response to his  2255 motion was late is unsupported in the record and, in any event, contrary to Moran's supposition, even if it were tardy, Moran is not thereby automatically entitled to a ruling on his 2255 motion in his favor. As for the substance of the 2255 motion, the district court correctly concluded that, in this collateral attack, Moran may not relitigate issues already raised and rejected in his direct appeal and, to the extent that Moran seeks to raise new issues, they could have been, but were not, raised in that direct appeal. In any event, Moran's complaint about the time frame of the conspiracy, to the extent it is not foreclosed by our opinion in his direct appeal, see United States v. Moran, 984 ___ _____________ _____ F.2d 1299 (1st Cir. 1993), is simply factually erroneous. -2- Contrary to Moran's apparent present understanding, he was not charged with conspiring with Paul Callahan, who was jailed in October 1988; rather, he was charged with conspiring with Hobart Willis (the alleged ringleader) and others and that conspiracy was alleged to have lasted until June 12, 1990. Moran's remaining appellate arguments are foreclosed not only by circuit precedent, see United States v. Lindia, 82 ___ _____________ ______ F.3d 1154, 1161 (1st Cir. 1996), but also circuit precedent, the holding of which was recently favorably cited by the Supreme Court, see United States v. Watts, 117 S. Ct. 633 ___ _____________ _____ (1997) (per curiam), citing United States v. Mocciola, 891 ______ _____________ ________ F.2d 13, 16-17 (1st Cir. 1989). Finally, the government correctly points out that the amount of cocaine underlying the counts on which Moran was acquitted played no dispositive role in the ultimate sentence imposed. His offense level, and his sentence, was determined by his status as a career offender. The "motion for reassignment of appellate panel" is ________________________________________________________ denied. _______ The orders of the district court denying the motion for ________________________________________________________ default and the 2255 motion are Affirmed. ___________________________________________ -3-